IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED JAN 3 0 2009

PHILLIP ANTONIO THOMPSON,
    Petitioner

:
:
:   CIVIL ACTION NO. 08-CV-5510
:

v.

:
:

LOUIS S. FOLINO, et al.,
    Respondents

:

## MEMORANDUM AND ORDER

Petitioner filed a petition for *habeas corpus* relief pursuant to 2 8 U.S.C. § 2254. Upon review it appears that the petition contains both exhausted and unexhausted claims. Petitioner also notes that he has a PCRA petition presently pending in State court. To fairly present claims, a petitioner is first required to present the factual and legal substance of his claims to the State courts in a manner which provides the State courts with notice that Petitioner is asserting a federal claim. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). Petitioner must provide the State with the opportunity to correct the alleged violation(s) of federal rights before presenting those claims in federal court. *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887 (1995). Therefore, in accordance with *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, (1982) the instant petition may be denied and dismissed without prejudice as a mixed petition. Alternatively, the Court may reject the claims presented on the merits even though they were not properly exhausted, particularly where ". . . it is apparent that the claims in question lack merit." *Bronshtein v. Horn*, 404 F.3d 700, 728 (3d Cir. 2005).

Additionally, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and pursuant to 28 U.S.C. § 2244(b)(3)(A),

ENTERED
JAN 3 0 2009
CLERK OF COURT

1

Petitioner is hereby notified that petitioners may not file a second or successive petition for *habeas corpus* relief pursuant to § 2254 unless there are exceptional circumstances and the petitioner has obtained permission from the appropriate Court of Appeals. Therefore, Petitioner will not be able to file another petition pursuant to 28 U.S.C. § 2254 which attacks the same conviction as attacked in the instant petition unless Petitioner is able to demonstrate exceptional circumstances. Rather, in accordance with 28 U.S.C. § 2244(b)(2) Petitioner will be required to move in the appropriate Court of Appeals for a certificate prior to filing a second or successive § 2254 petition.

Thus, the Court will grant Petitioner additional time in which to carefully consider whether all of the claims raised in the instant petition for *habeas corpus* relief have been exhausted. Petitioner should also carefully consider whether the instant petition raises all grounds for relief. The Court will permit Petitioner the right to withdraw the instant petition, without prejudice to the right to file another comprehensive § 2254 petition.

Petitioner should note, however, that if the instant petition is withdrawn and Petitioner intends to file a comprehensive § 2254 petition in the future, 28 U.S.C. § 2244(d) sets forth a one-year statute of limitations for filing a § 2254 petition. The limitations deadline may affect Petitioner's decision to either stand on the instant petition or file a new, comprehensive one.

The Court will grant Petitioner 30 days within which to decide whether to have the Court determine the instant petition or to withdraw it and file an all-inclusive § 2254 petition containing only exhausted claims. Therefore, Petitioner should complete the attached election form and return it to the Court within 30 days of the date of this Order. In the event that the election form is not returned within 30 days, the Court will rule on the instant petition. Petitioner

should note that the 30 day period does not extend any applicable statute of limitations. Therefore, if the instant petition is withdrawn the statute of limitations continues to apply and may expire before Petitioner files a comprehensive petition, even if filed within the 30 day period.

The Court also notes that Petitioner did not file an application to proceed *in forma pauperis* utilizing this Court's current form or pay the filing fee.

**AND NOW**, this _____ day of January 2009, **IT IS HEREBY ORDERED** that:

1. Petitioner is granted leave to elect, within 30 days of the date of this Order, to withdraw the current petition or to have the petition construed and ruled upon pursuant to 28 U.S.C. § 2254;

2. Petitioner shall file, within 30 days of the date of this order, the attached election form, indicating an election to withdraw the current petition or to have the petition construed and ruled upon under 28 U.S.C. § 2254;

3. Failure to comply with this order will result in the current petition being construed and ruled upon under 28 U.S.C. § 2254; and,

4. The Clerk of Court shall furnish petitioner with a blank copy of this Court's current standard application to proceed *in forma pauperis* bearing the above-captioned civil action number; and,

5. Petitioner shall complete the application and return it to the Clerk of Court, or pay the $5.00 filing fee within thirty (30) days of the date of this Order, or this civil action will be

dismissed without further notice to Petitioner.[1]

ANITA B. BRODY, J.   1/27/09

---

[1] If Petitioner returns the application to proceed *in forma pauperis*, he shall include the certification of a prison official as required.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILLIP ANTONIO THOMPSON, :
    Petitioner :
 : CIVIL ACTION NO. 08-CV-5510
v. :
 :
LOUIS S. FOLINO, et al., :
    Respondents

## ELECTION FORM

I, _____, Petitioner in the above-captioned case, have read the accompanying Order in its entirety and make the following election:

\_\_\_\_ I choose to have the Court rule on my petition as filed under 28 U.S.C. § 2254. I understand that I may be forever barred from presenting in federal court any claim not presented in my petition. I further understand that by doing so I lose my ability to file a second or successive § 2254 petition absent certification by the Court of Appeals, and that the potential for relief is further limited in a second or successive petition.

\_\_\_\_ I choose to withdraw the petition as filed so that I may file one all-inclusive petition which contains only exhausted claims pursuant to 28 U.S.C. § 2254 within the time allowed for such a petition.

YOUR CHOICE ON THIS FORM, AS WELL AS THE FAILURE TO MAKE A CHOICE, WILL BE BINDING ON YOU AS RELATES TO YOUR LITIGATION IN FEDERAL COURT OF ANY CLAIM RELATED TO THE CUSTODY YOU HAVE CHALLENGED. READ CAREFULLY THE ORDER ACCOMPANYING THIS FORM NOTICE OF ELECTION.

I declare under penalty of perjury that the foregoing is true and correct.

_____ _____
(Signature) (Date)