# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP ANTONIO THOMPSON, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-5510 |
| LOUIS S. FOLINO, et al., | : | |
| Respondents. | : | |

## EXPLANATION AND ORDER

Phillip Antonio Thompson ("Petitioner") petitions this Court for a federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. I referred the petition to Magistrate Judge Arnold C. Rapoport for a Report and Recommendation ("R&R") in accordance with 28 U.S.C. § 636(b)(1)(B). The R&R recommended that I deny the petition; Petitioner filed Objections. After careful consideration of the R&R (ECF No. 13) and Petitioner's Objections (ECF Nos. 14, 15), I agree with the Magistrate's recommendation and I will deny the petition.

## I.   BACKGROUND[1]

On November 6, 2000, Petitioner was charged with robbery and murder; he was arrested the next day. Petitioner's coconspirator, Michael Bagley, was not charged until April of 2001. The Commonwealth of Pennsylvania (the "Commonwealth") requested the trial court sever the two cases to ensure that Petitioner received a prompt trial. The motion to sever was granted and,

---

[1] The facts underlying Petitioner's conviction and a more complete procedural history of his appeals are set forth in the R&R. Petitioner has not objected to this portion of the R&R and facts are repeated here only as necessary to understand the Court's rulings on Petitioner's Objections.

beginning on July 17, 2001, Petitioner was tried in the Court of Common Pleas of Delaware County. On July 24, 2001, mistrial was declared when the jury was unable to unanimously agree upon a verdict.

On August 23, 2001, the Commonwealth moved to join the cases as Bagley was also ready to proceed to trial. Petitioner's counsel requested that the cases be severed. After holding a hearing, Judge Toal granted the motion for joinder. In October 2001, a joint trial was held and Petitioner was convicted of second degree murder, robbery, and criminal conspiracy. On December 11, 2011, he was sentenced to life imprisonment.

After unsuccessful direct appeals of his conviction, and after seeking relief pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), Petitioner filed a timely pro se petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on November 4, 2008. The next day, Petitioner filed a second PCRA petition in state court. On November 18, 2008, the second PCRA petition was summarily dismissed by the Court of Common Pleas of Delaware County as time-barred.

On May 28, 2009, Magistrate Judge Arnold C. Rapoport submitted an R&R to this Court recommending that the federal petition be denied with prejudice. Petitioner filed objections on June 11, 2009 and amended objections on July 20, 2009 (collectively "Objections"). Petitioner's Objections appear to challenge the R&R on two bases: (1) that it was premature because Petitioner's second PCRA petition was still pending in state court and (2) that it misconstrued his claim regarding the state trial court's joinder of his trial.[2] Subsequent to the issuance of the

---

[2] Petitioner's Objections also include statements that are unresponsive to the R&R. At most relevant, he writes that there "was no rational, strategic, nor tactical reason for" his trial counsel

R&R, both the Superior Court and Supreme Court of Pennsylvania affirmed the Court of

Common Pleas's dismissal of Petitioner's second PCRA petition as time-barred.

## II.    DISCUSSION

This Memorandum reviews *de novo* those portions of the R&R to which Petitioner

objects.  *See* 28 U.S.C. § 636(b)(1)(C).   To fully consider the Objections, this case was placed in

suspense until the complete state court records were received by the Court.[3]  For the reasons

below, I will overrule the Objections, approve and adopt the R&R, and dismiss the petition with

prejudice.

### A. The Claims in Petitioner's Second PCRA Petition are Procedurally Defaulted

Judge Rapoport's R&R explains that he found it unnecessary to stay the petition until the

second PCRA petition was rejected by the state's appellate courts.   In his Objections, Petitioner

argues that the R&R is "premature" because he is still "exhausting the second round of issues."

---

not to request a lesser offense jury instruction.  Objections 4.  Petitioner does not allege,
however, that a state court or the R&R misapplied ineffective assistance of counsel caselaw to
his claim.  Judge Rapoport undertook the proper legal inquiry and found that "the state court's
conclusion that Petitioner's underlying jury instruction claim and ineffectiveness claim were
meritless was neither contrary to, nor an unreasonable application of, the federal ineffectiveness
standard as set forth in *Strickland*."  R&R 18.  He also found that "the Superior Court's decision
was neither contrary to nor an unreasonable application of state law."  *Id*.  Petitioner's Objections
do not object to his application of *Strickland* or identify some other unreasonable application of
law for this Court to reexamine or remedy.  After review of Judge Rapoport's legal analysis of
the issue, I adopt the portion of the R&R that addresses Petitioner's ineffective assistance of
counsel claim.

[3] It appears as though the only state court records that were not available to Magistrate Judge
Rapoport at the writing of his R&R were (1) the Superior Court of Pennsylvania's June 4, 2009
opinion affirming the trial court's ruling that Petitioner's second PCRA petition be dismissed as
untimely, and (2) the Supreme Court of Pennsylvania's November 23, 2009, per curiam order
denying Petitioner's petition for allowance to appeal from the order of the Superior Court.  I have
reviewed these decisions and neither undermines the analysis of the R&R.

Objections 7, 6.  Petitioner does not identify which claims he believes to be presented in both his federal petition and second PCRA petition.[4]  Presumably the significance of Petitioner's statements is that he objects to Magistrate Judge Rapoport's finding that the federal petition does not raise claims presented in his second PCRA petition.  *See* R&R 8 n.3.  It would follow that Petitioner means to argue that his petition is mixed and that it should have been stayed until all claims were exhausted in state court.

It would be futile to engage with the merits of this argument.  We now know that even if a stay had been issued,[5] the R&R would not have been able to reach the merits of the claims raised in his second PCRA petition.  Assuming *arguendo* that additional claims in the second PCRA petition are incorporated into the instant petition and that Petitioner would have successfully convinced the Court not to dismiss his unexhausted claims, such a stay would now have been lifted only to find that federal review of those claims is barred.  Petitioner's second petition was denied by the state courts as procedurally barred under state law.  *Commonwealth v.*

---

[4] The Objections could suggest that Petitioner believes at least two claims were pending in his second PCRA petition: ineffective assistance of counsel for failure to request a lesser jury charge, *see* Objections 5, and jury bias, *see* Objections 6.  The former was exhausted by Petitioner's first, timely PCRA petition and is reviewed in the R &R; the latter was procedurally defaulted, as the R&R correctly states.

[5] Support for the Magistrate's decision to decide the petition before conclusion of the second PCRA proceedings can also be based upon Petitioner's failure to respond to this Court's January 2009 order.  *See* R&R 4-5.  On January 27, 2009, I issued a Memorandum and Order stating that it appeared that Petitioner's habeas petition "contains both exhausted and unexhausted claims." ECF No. 4 at 1.  The Order granted Petitioner thirty days "within which to decide whether to have the Court determine the instant petition or to withdraw it and file" a comprehensive petition containing only exhausted claims.  *Id.* 2.  The Order advised Petitioner that if he failed to complete the attached election form, "the Court will rule on the instant petition."  *Id.*  Petitioner failed to complete and return the election form.  Furthermore, Petitioner has not requested that his petition be stayed.

*Thompson*, No. cp-23-cr-0003788-2000 (Pa. Ct. Com. Pl., Del. County, Nov. 18, 2008) (dismissing second PCRA motion for relief without a hearing as being untimely under Pennsylvania law); *Commonwealth v. Thompson*, No. cp-23-cr-0003788-2000 (Pa. Ct. Com. Pl., Del. County, Jan. 6, 2009) (recommending that the only issue that should be addressed on appeal is whether the PCRA was properly denied as being untimely and suggesting that the issue lacked merit); *Commonwealth v. Thompson*, No. 3573 EDA 2008 (Pa. Super. Ct. June 4, 2009) ("we discern no basis upon which to disturb the ruling of the trial court that appellant's second PCRA petition was untimely"); *Commonwealth v. Thompson*, No. 538 MAL 2009 (Pa. Nov. 23, 2009) (denying the petition for allowance of appeal). Federal review of his second PCRA petition claims is barred because they were procedurally defaulted under state procedural rules. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred . . . ."). While there are exceptions to this rule, Petitioner has not demonstrated that any are applicable here. Thus, I find no reason to reconsider the R&R's findings on the basis of this Objection.

**B. The State Trial Court's Joinder of Trials Was Not Contrary to Clearly Established Federal Law**

Petitioner claims that the trial court committed error when it granted the Commonwealth's motion for joinder, thereby joining Petitioner's trial with that of his coconspirator. Judge Rapoport reviewed the state court's rejection of this claim and recommended that its decision was not contrary to Supreme Court law. R&R 20-22. Petitioner objects that the R&R "erred in mischaracterizing [his] claim as a 'severance issue' and disposing

of [his] claim based upon this mischaracterization." Am. Objections 5. His argument is not that the trial court abused his discretion in allowing a joint trial contrary to caselaw on the propriety of severance, but rather that "the trial court abused its discretion by reversing its prior order severing petitioner from his codefendant." *Id.* 2. The trial court's reversal of his ruling on the previous motion to sever violated the Supreme Court's "law of the case doctrine." *Id.*

I am reluctant to take seriously the assertion that the R&R "mischaracterizes" Petitioner's claim considering that this characterization was not previously made in this petition. More importantly, this argument may never have been presented before to any court. Petitioner's "law of the case" argument was not discussed by the state courts, nor does it appear to have been presented to them.[6]

Notwithstanding the threshold inquiry of whether Petitioner exhausted review of this argument, the argument can also be rejected for failing to provide a basis for a federal writ of habeas corpus. Petitioner does not identify a state court "decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The Supreme Court cases Petitioner cites discuss the law-of-the-case doctrine, but neither case teaches that the doctrine prevents a trial court from reconsidering pretrial rulings for a later retrial.[7] Certainly these cases did not involve the Supreme Court finding the doctrine

---

[6] Petitioner suggests that this omission was due to ineffective assistance of appellate counsel. *See* Am. Objections 2. This argument, too, must first be exhausted in state courts before presented to this Court. To the extent that Petitioner attempted to raise this argument in his second PCRA petition, federal review of that argument is barred as explained *supra* Section A.

[7] The description of the doctrine in these cases is also consistent with the trial court's determination that he had the authority to reconsider the issue. *Arizona v. California*, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's

applied to facts such as these: where a trial court revisited its ruling on severance after a mistrial, a timely pre-retrial motion for joinder was made by the government, about which Petitioner was given notice and an opportunity to oppose, and after a hearing on the motion for joinder was held.[8] Thus, the trial court's decision to join Petitioner's trial with his coconspirator's was not contrary to clearly established federal law regarding the case-of-the-law doctrine.

**III.    CONCLUSION AND ORDER**

For the reasons stated in Judge Rapoport's R&R and over Petitioner's Objections, I find that Petitioner is not entitled to habeas corpus relief from his conviction.

**AND NOW**, this _7th___ day of December, 2010, it is hereby **ORDERED** that:

1.    The Report and Recommendation (Doc. 13) is **APPROVED** as to its recommendation to deny the petition.

2.    Petitioner's objections are **OVERRULED**.

3.    The petition for a writ of habeas corpus is **DENIED** with prejudice.

---

power.").

[8] My own review suggests that federal law may even expect trial judges to reconsider pretrial rulings after mistrial. *See United States v. Palmer*, 122 F.3d 215 (5th Cir. 1997) ("A retrial following a mistrial is both in purpose and effect a new trial. Accordingly, objections made at the aborted trial have no bearing on the retrial, as the two are entirely separate affairs."). However, I need not decide that issue today. I do find that the opposite proposition that Petitioner urges, i.e. that the law-of-the-case doctrine prevents a trial court from deciding a timely motion for joinder after a hearing because he granted an unopposed severance request before a previous trial, is certainly not clearly established Federal law.

4.         There is not probable cause to issue a Certificate of Appealability.


s/Anita B. Brody

_____

ANITA B. BRODY, J.




Copies **VIA ECF** on _____ to:                           Copies **MAILED** on _____ to: